## HENSLEY et al. v. TARPEY.

Certified copies of grants made by the Surveyor-General of the United States, are inadmissible in evidence, unless the absence of the originals is accounted for.

An affidavit, showing that the Surveyor-General has adopted a rule, refusing to allow the originals to be taken from the files, is a sufficient predicate.

The Courts of this State are not bound to take official notice of the rules adopted for the regulation of the various departments of the federal government, or those established by the Board of Land Commissioners or Surveyor-General of the United States for California.

APPEAL from the District Court of the Third Judicial District, County of Santa Cruz.

This was an appeal, by the plaintiffs below, from an order dissolving an injunction restraining the defendant from digging up or carrying away lime rock, and from cutting down, breaking, wasting, and carrying away any of the redwood timber, or other trees, being on the rancho of Cañada del Rincon. A motion having been made by the defendant, Tarpey, on his answer to dissolve the injunction heretofore granted at the hearing thereof, the plaintiffs introduced, in evidence, a copy of the Cañada del Rincon grant, certified under the hand and seal of John C. Hays, Surveyor-General for California, to be a correct copy of the original on file in his office; and also a copy, certified to by the secretary of the United States Land Commissioners. The Court below having afterwards dissolved the injunction on the ground that no sufficient predicate had been laid for the introduction of the copies, the plaintiffs appealed.

*Wallace and Peckham* for Appellants.

The copy of the grant under the certificate of the Surveyor-General, was admissible; 1 Green. Ev., §§ 470–482–485; Rex v. Smith, 1 Strange, 126; U. S. v. Percheman, 7 Peters, 51, 85; 14 Peters, in U. S. v. Wiggins, 346; Oaks v. Hill, 14 Pick., 448; U. S. v. Johns, 4 Dallas, 415; Judice v. Chretien, 3 Rob. La., 15. But if there was any doubt upon this question at common law, it is settled by the Statutes of 1856, page 21.

The copy of the grant under the affidavit of the secretary of the United States Land Commission, was admissible. See the authorities last cited, and Statutes of 1854, p. 67, § 21.

No question is made to the competency of the certificate of the Surveyor-General, or his power to certify. The only question is, " Was the absence of the original sufficiently accounted for to let in the copies in either case?" The reason why private papers are not provable by copy until the original is accounted for, is, because the original is the best evidence. The reason of this rule is, to prevent mistakes, errors, or variances between the original

and copy.   But in this case, the genuineness of the original and correctness of the copy being agreed to, the reason of the rule ceases, and the copy should be admitted.

Greenleaf says, that it is not necessary to prove any matters of public history affecting the whole people, nor public matters affecting the government of the country.   1 Green. Ev., 5.

*John Wilson* for Respondent.
No brief on file.

Murray, C. J., delivered the opinion of the Court—Burnett, J., and Terry, J., concurring.

On the trial of this cause in the Court below, no sufficient predicate was laid for the introduction of certified copies of the original grant and other documents, and the evidence being only secondary, was properly rejected.

The Courts of this State are not bound to take official notice of the rules adopted for the regulation of the various departments of the federal government, or those established by the Board of Land Commissioners or Surveyor-General of the United States for California.   If these officers have adopted a rule, refusing to allow original papers to be taken from the the files, that fact should have been shown by affidavit, before evidence of their contents could be admitted.

Judgment affirmed.