## FALLON *v.* DOUGHERTY.

In an action of ejectment, where the plaintiff seeks to establish the loss of a deed under which he deraigns title, in order to lay the foundation for secondary evidence, the proof of search by the agent or attorney in fact of the plaintiff, and inquiry by him of the grantor, is insufficient, as the plaintiff himself might have the possession or control of the original, and, in the absence of other evidence, his affidavit should have been offered.

APPEAL from the Sixth District, County of Sacramento.

This was an action of ejectment to recover possession of a lot of land in the City of Sacramento.

The plaintiff deraigns title through one John A. Sutter and G. W. Hammersly. On the trial she, to lay the foundation for the introduction of secondary evidence, introduced one Stevens, who testified as follows:

" The plaintiff in this action was a resident of San Francisco county. Witness was acting as her agent and attorney in fact, and was conducting this suit for her; he had made search for the original deed from Sutter to Hammersly and Murray, to ascertain where the deed was, and had made other diligent inquiry about the same, but was unable to obtain the original, or ascertain where it was, or whether it was in existence."

There was no other evidence offered to establish the loss of the deed. The Court below ruled that this evidence was sufficient to account for the loss of the deed; and thereupon a certified copy was given in evidence: to which ruling of the Court the defendant excepted. Plaintiff

had judgment.    Defendant moved for a new trial, which was denied, and he appealed to this Court.

*C. A. Johnson* for Appellant.

*Robinson, Beatty & Heacock,* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This case must be reversed for want of sufficient preliminary proof of the inability of the plaintiff to produce the original deed from Sutter to Hammersly, through whom she deraigns title to the premises in controversy, to authorize the admission of the record copy.    The evidence introduced only shows a search by the agent of the plaintiff and inquiry of Hammersly.    It does not appear that the plaintiff herself has not the possession or control of the original.    Her affidavit, in the absence of other evidence, should have been offered on the point.    Laws of 1857, chap. 254, sec. 2; Macy *v.* Goodwin, 6 Cal. 581 ; Hensley *v.* Tarpey, 7 Cal. 288 ; Bagley *v.* Eaton, 10 Cal. 147.

Judgment reversed, and cause remanded for a new trial.