# SOTO *v.* KRODER.

A copy of a Mexican grant, taken from the United States Surveyor General's office, is not admissible in evidence without accounting for the nonproduction of the original grant, where the party offering the copy does not rely upon a certified copy of the grant, under the Act of 1857, but upon proof *aliunde* that the copy was correct.

Where reliance is placed, not on the production of a certified copy of the grant under the statute of 1857, but on proof *aliunde* of the copy; and where the original, as a document in the custody of a public officer, cannot be taken from his office, proof of that fact must be made as preliminary to the introduction of the copy.

Under the Act of 1857, a copy of a Mexican grant, certified by the United States Surveyor General to be a true and accurate copy of the grant on file in his office, is admissible in evidence "with the like effect as the original," without proof that the original could not be produced.

Such certified copies are admissible in evidence whenever the originals, if produced, would be admissible—the object of the statute being to remove objections to the copies, on the ground that they are secondary evidence.

Where it is proven that the signatures of the Governor and Secretary of the Department of California to a grant, at the time of its date, are genuine, then a copy duly certified under the Act of 1857 is admissible in evidence.

The decree of the United States District Court recognizing a grant and affirming its validity, having become final by the refusal of the United States, through their counsel, to prosecute any appeal therefrom, is conclusive as to the validity of the grant upon the United States, and all parties claiming under them by title subsequent.

It is no objection to the admission of a Mexican grant in evidence after its final confirmation, that there is no evidence that the grantee, previous to the issuance of the grant, ever presented a petition to the Governor expressing his name, country and religion, and the number of his family, or that the grant ever received the approval of the Departmental Assembly, or that the grant, or any proceedings in reference to it, were ever reported to the Supreme Government of Mexico.

The *United States* v. *Cambuston* (20 How. 59) does not so hold; and if it does, still the objection that the grantee never presented the petition would be available only against the confirmation of the grant. After such confirmation has become final, it is too late to press the objection.

The want of confirmation of a grant by the Departmental Assembly, or of any report of the grant, or of the proceedings with reference to it, to the Supreme Government of Mexico, did not prevent the title from passing to the grantee, and it is not material whether that title be regarded as a legal or an equitable one; in either case it carried with it a right to the possession of the premises against intruders.

In this State a plaintiff, claiming as heir at law, can recover in an action of ejectment without an entry upon the premises after the death of his ancestor. It is sufficient that he show his title as heir to the premises demanded.

The statute which gives the possession and control of real property, belonging to intestates, to their administrators until administration of the estate and distribution of the property are had, only applies to cases arising since the statute was passed.

Hence, where a party holding a grant of land from the Mexican Government died in 1845 : *Held*, that his heirs took the estate, and are proper parties to suits for its recovery.

APPEAL from the Third District.

Ejectment for an undivided seventh of eighty acres of land in Alameda county, being part of the rancho of San Lorenzo. Plaintiff claims as one of the heirs of Francisco Soto, who held a Mexican grant of said rancho, which he occupied with his family until his death in 1845.

On the trial, plaintiff introduced one Castro as a witness, who testified, among other things, that he knew the rancho of San Lorenzo; that Francisco Soto had a grant of the same from the Mexican Government, and that the land in question is part of it; that he had examined the original expediente and grant on file in the United States Surveyor General's office at San Francisco, and the signatures of the Governor and Secretary to the grant and expediente, and that they are genuine, the witness being familiar with same; that he had compared the certified traced copy of the expediente and grant, shown witness, with said originals, and that said copy was an exact copy of the original.

On cross examination, the witness testified: "I did not make this copy of the expediente. I have read it. I did so in the office of the United States Surveyor General in San Francisco. I read it myself. I did not read them both at the same time. I read them both and saw that they were both alike. I did not compare them with any one. I read the original first; then this copy. This was last year. I think it was about two months ago. I was one or two hours comparing them. I did no other business during the time. I compared them myself without help. There was a defect in this copy that I discovered, and the Secretary of the Surveyor General supplied it. This defect was, that the marginal decree on the first page was wanting. There was an original petition when I compared the expediente. I do not recollect the date

Soto *v.* Kroder.

of the petition; it was with the papers. I did not compare the petition more than other papers. I did not care to do so. The defect was not in the first petition that was made. I discovered this defect, which was, that the decree in the margin was wanting. I do not remember exactly of what papers the expediente consisted. The paper shown me is a true copy of all the papers in the expediente on file in the Surveyor General's office. I do not remember seeing an original petition in that office when I compared the papers. I saw another paper, but do not know what it was. I only remember to have seen the original of the paper here shown me. I read it and the copy in the Surveyor General's office before the Secretary and R. Simpson, and satisfied myself that this is a correct copy of the original."

Plaintiff then offered in evidence this traced copy of the expediente and grant, to which defendant objected, on the following grounds: 1st, that there was no evidence that, before the making of said alleged grant, the said Francisco Soto made and presented to the Governor a petition expressing the name, country and religion of him, the said Soto, and the number of his family, or any petition whatever; 2d, that there was no evidence that said alleged grant ever received the approval of the Departmental Assembly; 3d, that there was no evidence that said alleged grant or any part of the proceedings in reference thereto were ever reported to the Supreme Government of Mexico; 4th, that there was no evidence that the supposed copy of the grant forming a part of said copy of the expediente is a true copy of the grant alleged to have been made and issued to said Francisco Soto; 5th, that no reason had been shown why the original grant alleged to have been issued to said Francisco Soto was not produced; and no foundation had been laid for letting in secondary evidence of the contents of said supposed grant; 6th, that the comparison of said alleged copy of "expediente" with the original in the Surveyor General's office by the said Guillermo Castro was too loose and uncertain, and not in accordance with law; and there was no legal evidence that the same was a true copy of said original "expediente" on file. Objections overruled, said copy of the expediente admitted in evidence, and a sworn translation read to the jury.

7

Plaintiff then put in evidence a copy of the decree of the United States District Court confirming the grant to the widow and heirs of the grantee, and a copy of the order dismissing the appeal by the United States.    With testimony as to boundaries and as to the possession of defendant, etc., plaintiff closed.

Defendant offered no evidence, but asked the following instructions, to wit : " 1st, that by the laws of Mexico, any person soliciting lands, shall address to the Governor a petition, expressing his name, country and religion, and describing as distinctly as possible the land asked ; and unless the jury are satisfied from the evidence that such petition has been presented in this case, the plaintiff cannot recover ; 2d, that a map shall accompany such petition, and unless the jury from the evidence believe that a map did accompany it, they cannot find for the plaintiff on the above that he had a grant ; 3d, that unless there is evidence before the jury that the Departmental Assembly approved said grant, then the title of the plaintiff is inchoate and insufficient to maintain this action ; 4th, that recitals in the grant are not even *prima facie* evidence of the facts recited, and unless there is other evidence of those facts than mere recitals in the grant, then the jury are to regard those facts as not proven ; 5th, that when a copy of an instrument in writing is offered in evidence, such supposed copy does not prove the contents of the original, unless it be proved to be a copy thereof by some person or persons who have compared it with the original ; and unless there is evidence before the jury to satisfy them that the alleged copy of the alleged grant (and expediente) was compared with the original, *by the witness who testified with regard to such copy*, in such manner as to satisfy the jury that it is an exact copy, then the jury is to discard from their consideration said alleged copy of said alleged grant and expediente."

The Court refused to give these instructions, defendant excepting.

The Court charged the jury, defendant excepting : 1st, that the only object of having a map annexed to the petition for a grant was to identify the land and fix its location, so that the Governor could ascertain whether it was vacant and subject to grant ; but if the land was sufficiently described by fixed and permanent objects, so as to enable any one in the country to know it, there was no need of

Soto *v.* Kroder.

a map; 2d, that the grant in question passed to Francisco Soto a right to the possession of all the land within its exterior boundaries.

Further facts appear in the opinion of the Court. Verdict for plaintiff. Judgment accordingly. Defendant appeals.

*McCabe & Fox*, for Appellant.

I.  The plaintiff claiming as heir at law of Francisco Soto, deceased, the complaint should have averred an entry on the part of the plaintiff before action brought.

II.  No Mexican Governor had authority to make a grant of land till the applicant laid before him a petition expressing, among other things, the name, country and religion of the appplicant and the number of his family. ( *United States* v. *Cambuston*, 20 How. 59.)

III.  The same authority shows that the grant is inchoate unless it has received the approval of the Departmental Assembly, and is inoperative unless the proceedings have been reported to the Supreme Government of Mexico; and that the burden of proof of these facts is on the plaintiff.

IV.  The evidence was too vague and uncertain to establish the fact that the copy of the grant (expediente) read in evidence was a true copy of the original on file in the Surveyor General's office. Castro is the only witness on that point. His testimony shows that he merely read over—first the original, then the copy. This is not a comparison within the meaning of the law—nor within the meaning of common sense. No attorney would draft a document half the length of that expediente and copy it himself, and then risk it without comparing the one with the other. (*Kearns* v. *Swoop*, 2 Watts. 75.)

V.  Plaintiff having offered no proof why he did not produce the original expediente, it was error to allow him to read the copy.

VI.  The instructions asked by defendant should have been given. (*Cambuston's case.*)

VII.  Recitals in the grant are not even *prima facie* evidence of the facts recited. (*The Duchess of Kingston's case*, 2 Smith's Leading Cases, 503; *Jackson ex dem Hill* v. *Streeter*, 5 Cow. 529; *Jackson ex dem Cook* v. *Shephard*, 7 Id. 88; *Fairtitle* v. *Gilbert*, 2 Term R. 171; *United States* v. *Cambuston*, 20 How. 59.)

The District Court, in refusing to charge the jury as requested, virtually instructed them that the recitals in this grant were at least *prima facie* evidence of the presentation of a petition, and that it contained all the statements required by the Mexican law.

VIII.    The evidence shows that the plaintiff claims as heir at law of Francisco Soto, deceased.   Now by the act to regulate the settlement of the estates of deceased persons, section one hundred and fourteen, " the executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased, and may receive the rents and profits of the real estate until the estate shall be settled, or until delivered over by order of the Probate Court to the heirs or devisees," etc.   There is no evidence that the estate has been settled, or that any order has been made for the delivery over of the land to the heirs, etc.; hence the proofs are insufficient.

*Robert Simson,* for Respondent.

I.    The facts relative to the grant in this case differ essentially from the facts in Cambuston's case, cited by appellant, and hence that case is not authority here.   In Cambuston's case the Supreme Court find a want of all record testimony, and of all explanation of its absence.   Here no such want appears.   There the proof of genuineness of the signatures was found defective.   Here the signatures are fully found to be genuine.   There the grant was not recorded in the proper book.   Here the certificate of Jimeno, the Secretary, shows that Soto's title was properly recorded.   There the forms and usages of making grants were wanting.   Here not only was this not so, but afterward the Government, in full knowledge of its first grant of one league within certain boundaries, make an additional grant to the same Francisco Soto within the same boundaries, and fix the lines of the whole land granted by the two grants.   There the grant was made within two months of the conquest of California by the United States, and no one save interested parties knew of the grant till 1850.   Here the grant, and possession under it by the grantee and by the plaintiff and his cotenants, have notoriously existed for eighteen years.   There the title was adjudged by the proper United States tribunals to be bad.   Here

Soto *v.* Kroder.

the title of plaintiff has, by the same tribunals of the United States, been finally adjudged to be good, and has been confirmed. Francisco Soto got his first grant of one league within boundaries containing more than one league, and his second grant of half a league more, within the same boundaries. It must be presumed that the Government found Soto to possess the requisites necessary to entitle him to a grant, or no grant would have been given him or recorded; and had not his first grant been regular, the Government would not have ratified it by extending and augmenting it.

II.° The appellant alleges that the estate of respondent's deceased father is yet unsettled, and that the executor or administrator of the deceased, and not his heir, is entitled to possession of the premises sued for.

To this it is answered, that Francisco Soto is alleged in the complaint, and also proved by the witness Castro, to have died in 1845; that upon the death of Francisco Soto, his estate vested in his heirs, of whom plaintiff is one. The heirs succeeded to the estate immediately upon their father's death. (*Castro* v. *Castro*, 6 Cal. 158; *Grimes' Estate* v. *Norris*, Id. 611; *Gregory* v. *McPherson*, 13 Id. 562; *De la Guerra et al* v. *Packard, Adm'r.*, 17 Id. 182.)

The change of government found these heirs, of whom plaintiff is one, tenants in common, in full possession of said rancho. The proper tribunals of the United States have confirmed the title, and the appeal has been dismissed. The said tenants in common are shown to have been in possession of the rancho for many years, and still to be in possession of a large portion of it. The appellant is a mere intruder upon the portion of said rancho described in the complaint as occupied by him.

FIELD, C. J. delivered the following opinion at the July term— COPE, J. concurring.

The plaintiff in this case bases his claim to recover one undivided seventh of the premises described in the complaint upon a grant issued to his father in 1842, by Alvarado, who was then Governor of California. The grant is on file in the office of the Surveyor General of the United States; and on the trial, the plaintiff, after proving the signatures of the Governor and Secretary attached to

it, produced what purported to be a copy, and endeavored to establish its correctness as such copy by the testimony of a witness who had compared it with the original.   Some question is made as to the effect of the testimony on this head, but we do not regard it as at all material ; for, admitting the testimony to have been sufficient, the copy was but secondary evidence, and as such, was, of course, inadmissible until some excuse was given for the nonproduction of the original grant.   If the original, as a document or record in the custody of a public officer, could not be taken from the office of the Surveyor General by the regulations of the department having charge of the public surveys, proof of the fact should have been made as a preliminary to the introduction of the copy.   No such proof was made or attempted ; and the objection on that ground of the appellant was, therefore, well taken.   The plaintiff might have obviated the necessity of such proof, by producing a certified copy of the grant under the statute. (Session Laws of 1857, Ch. 254.) But not relying upon the statute, and acting independently of it, he should have laid the proper predicate for the introduction of a copy which the common law in such cases requires.   (*Hensley* v. *Tarpey*, 7 Cal. 288.)

Judgment reversed and cause remanded for a new trial.

A rehearing having been granted, and the cause reargued, FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

At the July term we rendered a decision in this case, reversing the judgment of the Court below and directing a new trial, on the ground that the Court erred in admitting in evidence a copy of the grant to Francisco Soto, the father of the plaintiff, without any excuse being given for the nonproduction of the original.   We held that if the original, as a document or record in the custody of a public officer, could not be taken from the office of the Surveyor General—where it was shown to be on file—by the regulations of the department having charge of the public surveys, proof of the fact should have been made as a preliminary to the introduction of the copy.   But at the same time we observed, that the plaintiff might have obviated the necessity of such proof by producing a

Soto *v.* Kroder.

certified copy of the grant under the statute.   After the decision was rendered, the parties filed a copy of the grant duly certified under the statute by the Surveyor General, with an admission that the same was the copy used on the trial, as stated in the record. Upon this admission, a rehearing was granted, and the case has since been heard on its merits.

The grant, under which the plaintiff claims, was issued in 1842, and is for one league of land, with specific boundaries.   The grantee died in 1845, leaving a widow and seven children, all of whom are still living.   The plaintiff is one of the children.   The land granted was occupied by the grantee during his life, and by his widow and children after his death, until the same was encroached upon by intruders.   The premises in controversy are a part of this land, and were in the possession of the defendant at the commencement of the action.   The grant was confirmed by the United States Board of Land Commissioners, and its decision was affirmed by the United States District Court.   And from the decree of that Court the United States declined to prosecute an appeal.

On the trial, objections were urged to the admission of a copy of the grant, and of the grant itself.   Those urged to the copy—that no excuse was given for the nonproduction of the original, and that the testimony of the witness, who compared the copy with the original, was insufficient to establish its correctness as such copy— were obviated by the statute.   The copy, which the parties have admitted was produced on the trial, was certified to be a true and accurate copy, and thus certified, it was admissible under the statute, " with the like effect as the original."   The object of the statute was to obviate the objection to copies of a certain class of papers in the custody of the Surveyor General as secondary evidence, and to place such copies as evidence on a footing with the originals.   It authorizes the copies to be received and read when the originals, if produced, would be admissible.   (See *Natoma W. & M. Co.* v. *Clarkin,* 14 Cal. 552.)   In the present case, the signatures of the Governor and of the Secretary of the Department of California at the time the grant bears date, were proved to be genuine.   This proof was sufficient *prima facie* evidence to authorize the admission of the original, and as a consequence, of a

copy properly certified.   The decree of the United States District Court, recognizing the grant and affirming its validity, having become final by the refusal of the United States, through their counsel, to prosecute any appeal therefrom, is conclusive as to the validity of the grant upon the United States, and all parties claiming under them by title subsequent.

The objections urged to the admission of the grant itself were clearly untenable.  The objections were, that there was no evidence that the grantee, previous to the issuance of the grant, ever presented a petition to the Governor expressing his name, country and religion, and the number of his family ; or that the grant ever received the approval of the Departmental Assembly ; or that the grant, or any proceedings in reference to it, were ever reported to the Supreme Government of Mexico.   They were taken upon the impression that, by the decision of the Supreme Court in the case of the *United States* v. *Cambuston,* (20 How. 59) there was no authority in the Governors of the Department of California to make a grant of land until a petition, containing a statement of the particulars mentioned, was presented to them by the grantee ; and upon the impression that the grant was inoperative, unless it had received the approval of the Departmental Assembly, and the proceedings with reference to it had been reported to the Supreme Government.

We do not understand that the decision in the Cambuston case goes to the length contended by counsel; but if it does, the objection, from the absence of a petition, would be only available against the confirmation of the grant.   After such confirmation has become final, it it is too late to press it.   The only authority which could pass upon the validity of the grant—a copy of which was produced in the present case—and determine the land it contains, has definitively acted, and the matter has become settled for all time.

The want of approval by the Departmental Assembly, or of any report of the grant, or of the proceedings with reference to it, to the Supreme Government, did not prevent a title from passing to the grantee.   And it is immaterial whether that title be regarded as a legal or an equitable one ; it carried with it a right to the possession of the premises against all intruders.   (See *Ferris* v.

*Coover*, 10 Cal. 589 ; *Cornwall* v. *Culver*, 16 Id. 424 ; *Riley* v. *Heisch*, 18 Id. 198.)

The instructions to the jury, requested by the defendant, were properly refused. The one relating to the recitals was irrelevant, after proof of the confirmation of the grant ; and the one relating to the proof of a copy of an instrument by comparison was irrelevant under the stipulation of the parties ; and the others were erroneous. In this State, a plaintiff claiming as heir at law can recover in an action of ejectment without an entry upon the premises after the death of his ancestor. It is sufficient that he show his title as heir to the premises demanded. Francisco Soto having died in 1845, the heirs took the estate, and are proper parties to suits for a recovery of the premises. The statute which gives the possession and control of real property belonging to intestates to their administrators until administration of the estate and distribution of the property are had, only applies to cases arising since the statute was passed.

Judgment affirmed.