## WILLIAM LYMAN *vs.* JOHN S. NEWMAN.

In an action upon a due-bill, or promissory note, by the holder against the maker, the defendant set up as a counter-claim that one N., by an instrument in writing signed by him, became surety for the payee of the note and another person, in the sum of $200; that N. afterwards died, and at the time of his death there was $180 due and payable upon the said instrument, which the defendant paid. . It appearing that N., who was the father of the defendant, devised certain lands to the latter, upon condition that he should pay the testator's debts, (of which the sum due upon the said instrument was one;) *Held* that the payment so made by the defendant could not be allowed to him as a counter-claim or set-off.

THIS action was brought to recover the amount of a due-bill, or promissory note, for $71.31, dated December 8, 1856, in the words and figures following:

"*Moscow, December* 8, 1856.

$71.31.  Due Emory Rathbun, or bearer, seventy-one dollars and thirty-one cents, for value received.

JOHN S. NEWMAN."

The answer admitted the execution and delivery of the note, and that the same was transferred to the plaintiff for a good and valid consideration—the allegation to that effect in the complaint not being denied. The answer also alleged, in substance, that one Lewis Newman, by an instrument in writing, signed by him at the request of Emory Rathbun, the payee of the note, and Henry Rathbun, became surety for them in the sum of about $200. That Lewis Newman died November 12th, 1855; and that at the time of his death $180 was due and payable on said instrument. That, by the last will and testament of said Lewis Newman, the defendant became entitled to certain lands and tenements, upon the payment by him of the debts then owing by said Lewis; and that the defendant, on or about the 15th day of January, 1857, and before the transfer of the said note, paid about the sum of $80 upon the instrument upon which the said Lewis Newman was so liable, which he seeks to set off in this action against said note. The action was tried before a referee, who reported in favor of the plaintiff for the amount of the note and interest; upon which judgment was entered. The defendant appealed to the general term.

The material facts are sufficiently stated in the opinion of the court.

*O. Hastings,* for the appellant.

*George Hastings,* for the respondent.

*By the Court,* WELLES, J. It seems to me that the alleged counter-claim set up by the defendant was not applicable in this action, and could not in any event be enforced by the defendant against the plaintiff. The will of Lewis Newman, the defendant's father, bears date October 9th, 1855, and the testator died on the 15th day of the same month. By this will the said Lewis Newman devised two thirds of all his real estate, in fee, to the defendant, upon condition that he should pay all his, the testator's, debts and demands which

---

Lyman *v.* Newman.

---

he might owe at the time of his death; and in default of such payment, he directed his executors to let and farm the portion so devised to the defendant for the best price that could be obtained, until the rents and profits over and above expenses should be sufficient to pay and satisfy such debts, and then the said two thirds to go to the defendant. The defendant took the two thirds of the real estate under the will, and paid off the testator's debts. The payment which the defendant made for the benefit of Emory Rathbun and others, and which constitutes his alleged counter-claim, was for a debt which was due from Lewis Newman more than a year before the date of his will. It arose on an undertaking executed by the testator in his lifetime, as surety for Emory Rathbun and others, upon bringing an appeal to the general term of the supreme court, and the testator had become fixed for it before his death by the affirmance of the judgment in the case appealed. It was therefore one of the debts which the defendant was bound to pay, before he was entitled to the benefit of the devise in his favor, and which, in case of his default in payment, were in effect charged upon the land devised to him. It was really his own debt to pay, and his paying it gave him no claim on any one for repayment. It cannot, it seems to me, be contended that he could sustain an action against Rathbun, the payee of the note, under these circumstances, for the amount of such payment; and if he could not, it puts an end to his counter-claim in this action. The executors of Lewis Newman are the only persons entitled to call on Rathbun for the money thus paid, if any one has that right.

I feel so clear in the foregoing view, that I deem it unnecessary to consider the other questions raised upon the argument.

It follows that the judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]