LEWIS O. HILL, Appellant, *v.* LYDIA C. GRANT et al.,
Respondents.

The findings of a referee are to receive the most favorable construction, of
which they are capable, for the purpose of upholding the judgment.

H. had negotiated with S. for the purchase of certain real estate; not being
able to complete the purchase, he induced the defendant G. to become the
purchaser. At the time of the purchase defendant G. stated, that if H.
would make certain payments, at a specified time, she would convey
the property to him.

*Held,* that the transaction was an absolute purchase by defendant G., and a
parol conditional agreement of sale, and not a mortgage; and that H.
was not entitled to redeem.

(Argued November 16th, 1871; decided November 20th, 1871.)

APPEAL from judgment of the General Term of the
Supreme Court of the eighth judicial district, affirming a
judgment entered on the report of a referee in favor of
defendants.

The action is to obtain a judgment declaring a deed exe-
cuted by Elbridge G. Spaulding to the defendant, Lydia C.
Grant, to be a mortgage.

The plaintiff resides in the county of Onondaga, and the
defendants reside in the city of Buffalo. The interest con-
veyed by the deed in question is a leasehold interest. The
premises described in the deed are situated in the city of

Buffalo, and for a number of years had been occupied under a lease from Mr. Spaulding by Milo W. Hill, a brother of the plaintiff. Before the deed was executed a negotiation relative to the purchase of the premises was had between Milo W. Hill and Mr. Spaulding.

The referee found that the defendant, Lydia C. Grant purchased the premises of Mr. Spaulding, on a proposition made by him to her, to wit, to pay $1,000 on the delivery of the deed, and give her bond, secured by a mortgage on the premises, conditioned to pay another $1,000, with interest, on the first of May following, and the remaining $3,000 in three equal annual installments, with interest semi-annually; and stated to Milo W. Hill, "if he should by the first day of May then next, pay to her the $1,000 and interest she paid to Mr. Spaulding, and pay to Mr. Spaulding also the sum of $1,000, to become due on her bond and mortgage, on the first day of May, that then she would convey the property to him."

The referee further found that the defendant, Lydia C. Grant, performed her agreement with Mr. Spaulding, but neither the plaintiff nor his brother Milo agreed with her to purchase and pay for the property on any terms; and that they, under the privilege she extended to Milo W. till the first of May, neither paid nor offered to pay either to Mrs. Grant the sum of $1,000 paid by her to Mr. Spalding, nor to Mr. Spaulding the $1,000, which became payable on the first day of May, on the bond and mortgage given by Mrs. Grant to Mr. Spaulding.

The referee found that Milo W. Hill abandoned the expectation of purchasing the property; and instead thereof, he in May, 1865, took a lease from Mrs. Grant of some rooms in the second story of the building on the premises, which are described in the lease, as the same which had been lately purchased from Mr. Spaulding by Mrs. Grant.

The referee dismissed the plaintiff's complaint.

*A. J. Parker*, for appellant. If the deed was intended as between the parties to this action, as a security for a loan, it

will be decreed a mortgage, and parol evidence is admissible to show the intent. (2 Cow. Rep., 324; 19 Wend., 518; 9 Wend., 227; 1 Paige Ch., 202; id., 48; 5 Paige Ch., 9; 4 John Ch. Repts., 178–218; 1 Sandford's Ch., 56; 4 Kent Comm., p. 172, Marg. p. 143; 8 Paige, 243, and note at bottom, 2d ed., and cases cited; also see 8 N. Y. Rep., 416; 15 N. Y., Rep., 374; *Morris* v. *Nixon*, 1 How., 118; 34 N. Y., 315; *Kellum* v. *Smith*, 33 Penn., 158; *Patterson* v. *Welling*, 3 Dallas, 506; 4 Kent, 141; 25 N. Y., 598.) An implied or resulting trust was created in favor of plaintiff, and she will be compelled to convey. (*Ryan et al.* v. *Day*, 34 N. Y., 307; 29 N. Y., 598.) Such a trust is not affected by the Revised Statutes. (2 R. S., 134, § 67; *Astor* v. *L'Amoreaux*, 4 Sand., 529.) In cases of fraud, courts of equity will relieve. (*Jenkins* v. *Eldridge*, 3 Story, 181.) Once a trust always a trust. (*Van Dusen* v. *Worrell*, 1 Irwin's Appeals, 224; *In re Greenfield's Estate*, 14 Pa., 489.) Plaintiff is entitled to specific performance, because there has been a part performance. (Fry on Spec. Per., 130–180; *Smith* v. *Onderdonk*, 1 Sand., 479; *Moore et al.* v. *Smedburgh*, 8 Paige, 600; 26 Wend., 288; *Lowry* v. *Tew*, 3 Barb. Ch., 407; *Parkhurst* v. *Van Cortland*, 14 J., 15.)

*J. Ganson*, for respondents. There being evidence tending to sustain findings of referee, they cannot be reviewed in this court. (*Ostrander* v. *Fellows*, 39 N. Y., 350; *Mason* v. *Lord*, 40 N. Y., 476.)

CHURCH, Ch. J. The decision of this case, depends upon the construction to be given to the report of the referee. If the facts found constitute the conveyance to Mrs. Grant a mortgage, according to established legal principles, the plaintiff is entitled to redeem, and the conclusion of law denying such right was erroneous. If, on the other hand, the true construction of the findings is, that Mrs. Grant made an absolute purchase of the property, and only a conditional sale by parol to the plaintiff or his brother Milo, then the conclusion

of the referee, that the plaintiff had no legal or equitable claim, was correct, and this court is bound to affirm it.

If the findings of a referee are ambiguous, that construction will be adopted, which will sustain the judgment, rather than that which will lead to a reversal. The rule is, that the findings are to receive the most favorable construction of which they are capable, for the purpose of upholding the judgment. Under this rule I am unable to see how this judgment can be disturbed.

The referee finds in effect, that the transaction was a parol conditional sale, and not a mortgage. It is true that the negotiations between Hill and Day commenced for a loan of money, and upon this being declined, Hill desired Mrs. Grant to take the deed as security; but the final arrangement, as the referee in substance finds, was that Mrs. Grant was to purchase the property, absolutely agreeing at the same time, that if Milo Hill would make certain payments by a specified time, she would convey the property to him. This accords with the other facts found. Neither the plaintiff nor Milo Hill ever owned this property, nor did either of them pay any part of the consideration. The $439 which Spaulding exacted, upon the sale by him, constituted no part of the consideration for the property, but was a debt due him from Milo Hill for rent and other liabilities. Mrs. Grant paid and secured the full value of the premises, and took immediate possession of, and managed the same as absolute owner. The transaction as found by the referee, and which the evidence warrants, was in substance this: Milo Hill was desirous of purchasing the property, whether for himself or the plaintiff, is immaterial. Spaulding was willing he should, but required him to perfect the purchase by the 1st of February, which he was unable to do, and he thereupon induced Mrs. Grant to become the purchaser, to enable him to have an extension of time, within which he might have the privilege of making the purchase. Mrs. Grant consented to purchase and give Hill an option, until the first payment became due. She occupied the same relative legal position to Milo Hill after the convey-

ance to her as Spaulding did before, and Mrs. Grant's agreement to convey upon certain conditions, did not constitute a mortgage any more than Spaulding's previous agreement did. This was evidently the view of the referee, and the findings are in harmony with it, and the evidence is sufficient to sustain the findings. The authorities cited by the learned counsel for the plaintiff are not, therefore, applicable to the established facts, but the case falls within the authorities relating to conditional sales. (*Holmes* v. *Grant*, 8 Paige, 243, and cases there cited.)

It is quite unnecessary to determine what equitable right to a specific performance of the parol agreement, Milo Hill or the plaintiff had or might have acquired. It is sufficient to say that any such right was forfeited and canceled, by the failure to perform the conditions, and by the voluntary abandonment of all claim under the agreement. The judgment must be affirmed.

All concur.

Judgment affirmed.