LEWIS WILLIAMS, Respondent, *v.* THE MECHANICS' AND
TRADERS' FIRE INSURANCE COMPANY, Appellant.

Where evidence is given upon the trial of an action pertinent to the issues
therein, and which also presents another issue not made by the plead-
ings, the reception of such evidence, without objection, is not a waiver
of an objection to the consideration of such other issue.

A policy of insurance contained a clause avoiding it in case of the keeping
or use of certain specified inflammable articles. In an action upon such
policy, no issue was presented by the pleadings upon this clause, but the
defence was fraud in the origin of the fire and in the proof of loss. Upon
the trial evidence was given, without objection, showing the presence
upon the premises of one of the prohibited articles. Defendant moved
for a nonsuit upon the ground that under said clause the policy was
void. The motion was denied. *Held*, no error, that the evidence was
proper under the issue of fraud, and its reception without objection
was not a waiver of an objection to the consideration of the new issue
thus presented.

It is not necessary to specify the ground upon which a motion for a non-
suit is denied. If a good ground exists, which has not been waived, it
is sufficient.

(Argued September 20, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the
Supreme Court in the second judical department, affirming a
judgment in favor of plaintiff entered upon a verdict, and
affirming an order denying a motion for a new trial.

This action was brought upon a policy of insurance issued
by defendant, dated November 12, 1867, insuring plaintiff in
the sum of $3,000, on merchandise hazardous and extra
hazardous. A fire occurred, May 31, 1868, which injured the
property insured to more than the amount of the insurance.

The nature of the issues and the facts, pertinent to the
questions presented, appear in the opinion.

*Samuel Hand* for the appellant. The policy was rendered
void by the keeping and use of petroleum and benzine in the
manner disclosed by the plaintiff's evidence, although the use
of the latter had been discontinued. (*Duncan* v. *Sun. F.*

*Ins. Co.*, 6 Wend., 493, 494; *Gates* v. *Mad. Co. M. Ins. Co.*, 1 Seld., 469; *Mead* v. *N. W. F. Ins. Co.*, 3 id., 530; *Westfall* v. *H. R. F. Ins. Co.*, 12 N. Y., 289; *Lamatt* v. *H. R. F. Ins. Co.*, 17 id., 199, note; *Harper* v. *Al. Mut. Ins. Co.*, 17 id., 194; *Harper* v. *City Ins. Co.*, 22 id., 441; *Hynds* v. *Schen. Co. Mut. Ins. Co.*, 1 Kern., 554; *Hood* v. *Manhattan F. Ins. Co.*, 1 id., 532, 541; Ure's Dict. of Arts., etc. [Am. ed.], 1866, title "Naphtha or Rock Oil." These defences, although not specifically and affirmatively set up in the answer, are substantially raised by the general denial therein to the allegation in the complaint of a full compliance with all the conditions of the policy. (*Kennedy* v. *Crandall*, 3 Lans., 1; *Richard* v. *Allen*, 3 E. D. S., 399; *Allen* v. *Ins. Co.*, 46 Barb., 642; *Hutchinson* v. *Market Bk.*, 48 id., 302.) Defendant is entitled to the benefit of these defences on appeal. (*N. Y. Cent. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 14 N. Y., 89, 90; *Balcom* v. *Woodruff*, 7 Barb., 13; *Hanover* v. *Heath*, 19 id., 331; *Cady* v. *Allen*, 22 id., 388; *Clark* v. *Daly*, 20 id., 42; *Foote* v. *White*, 7 Rob., 17; *Bowdoin* v. *Coleman*, 3 Abb., 431.)

*Jno. E. Parsons* for the respondent. Neither of the defences was pleaded, nor were they made available to defendant by amendment. (*Hunt* v. *H. R. F. Ins. Co.*, 2 Duer., 481; *Dimon* v. *Dunn*, 15 N. Y., 498; *Wright* v. *Delafield*, 25 id., 266.) Forfeiture clauses in a policy should receive a reasonable construction with a view to sustain, not to defeat the policy. (*Hoffman* v. *Etna F. Ins. Co.*, 32 N. Y., 405; *Catlin* v. *Springfield F. Ins. Co.*, 1 Sumner, 434; *Harper* v. *Alb. Mut. Ins. Co.*, 17 N. Y., 194, 198; *Reynolds* v. *Com. F. Ins. Co.*, 47 id., 597.) When the clause in a policy prohibiting an increase of risk applies, it is for the jury, upon proper evidence, to say whether the hazard has been materially enhanced. (*Smith* v. *M. and F. Ins. Co.*, 32 N. Y., 399, 403.) To vitiate the policy there must have been an appropriation of the insured premises to the use of the prohibited article, or to some use which includes and embraces it. (*Townsend*

v. *N. W. Ins. Co.*, 18 N. Y., 168; *Moore* v. *Pro. Ins. Co.*, 29 Me., 97; *Hynds* v. *Sch. Co. Mut. Ins. Co.*, 16 Barb., 119; affirmed 1 Kern., 554; *O'Neil* v. *Buff. F. Ins. Co.*, 3 Com., 122; *Mayor, etc., of N. Y.* v. *Ham. Ins. Co.*, 10 Bosw., 537; affirmed; 39 N. Y., 45; *Mayor* v. *Ex. F. Ins. Co.*, 9 Bosw., 424; affirmed; 3 Keyes, 436; *Dobson* v. *Sotheby*, 1 Mood. & M., 90.)

JOHNSON, C. The policy under which the recovery has been had contains the following clause: " whenever gunpowder, phosphorus, saltpeter, petroleum, benzine, benzole, naphtha or any explosive article or articles subject to legal restriction, shall be kept or used in said premises, unless said use or keeping is specially provided for herein, in writing, this policy shall be null and void." Neither from the complaint nor the answer does it appear that the policy in suit contained this clause, nor does the answer contain any defensive allegation founded upon this clause, or presenting a violation of it as a bar to the plaintiff's recovery. The affirmative defences set up by the answer relate either to the failure of the plaintiff to comply with the conditions of the policy imposing duties upon him, to be performed after a fire should have occurred, or in respect to proofs of loss, or care of injured goods, or else to the alleged fraudulent origin of the fire, by the act or procurement of the plaintiff himself. The only allegation of the complaint which by any possibility can be supposed to have reference to this clause is the averment, " that more than sixty days before April 7th, 1868, the plaintiff gave the defendants due notice and proof of the said loss and damage, according to the conditions attached to the said policy, all of which have been duly fulfilled and performed by this plaintiff." Upon every just principle of construction this allegation must be taken to refer to the conditions of the policy on the subject of notice and proof of loss and damage; such is the grammatical construction. Upon this subject the plaintiff was bound to allege a compliance with the conditions of the policy which were conditions precedent to his right of recovery. He was not

called upon in the first instance, and as part of his case, to deny a violation by himself of the prohibitory clause of the policy in respect to explosive articles. The pleading presented, then, no issue upon the subject of the clause quoted from the policy; while there was a distinct issue upon the fraudulent origin of the fire. In the course of the trial proof was given of the presence of petroleum on the premises, in a jug, and also of clothing impregnated with the same substance, which was clearly competent evidence on the issue as to the fraudulent character of the fire, and this was received without objection on the part of the plaintiff. There was also evidence tending to show that the petroleum was kept upon the premises for use as an external medical application for a cutaneous disease, under which the plaintiff was suffering, and that the clothing became impregnated with the petroleum in the course and as a consequence of that use. All this evidence was distinctly competent on the issue made by the pleadings, and, therefore, the plaintiff can have waived or lost no right by not objecting to it. The fairness or the fraudulent character of the fire was being tried, and the evidence all legitimately bore upon that question. This being the state of the case and of the proof, when the plaintiff rested, the defendant moved for a nonsuit, on the ground that the policy contained an express stipulation that wherever petroleum was kept or used, without written permission, the policy should be void. The nonsuit was denied and the defendant excepted. Of course the ground of the denial does not appear, and would not in the ordinary course be entered on the record. When such a motion is denied, the ground on which it is made must appear, but the ground of its denial need not generally be specified. If a good ground exists and has not been waived, that is sufficient. The case of *Codd* v. *Rathbone* (19 N. Y., 37) is exactly in point. There the defence of illegality was overruled, because the answer did not set up that defence; and it was further held that this objection was not waived by reason of the evidence being received without objection, because the whole of it was

competent on an issue which was made by the pleadings. This furnishes the precise ground of distinction between this case and that of the *N. Y. Central Ins. Co.* v. *National Prot. Ins. Co.* (14 N. Y., 85). In the latter case evidence was received, without objection, which went beyond the issue made by the pleadings, and was inadmissible except upon the hypothesis that the parties were trying a further material issue relevant to the merits of the case, but not presented by the pleadings. Under these circumstances the court held that the party against whom this evidence had been given was not at liberty to urge on appeal, in support of the denial of a motion for a nonsuit, the defect of the pleadings in not presenting the issue to which alone the evidence was applicable. The case before us falls under the distinction taken in *Codd* v. *Rathbone* (*supra*). All the evidence was competent on the issue of the fraudulent origin of the fire, and no implication can arise of a waiver by the plaintiff of his right to insist that no issue was made as to the forfeiture of his right, under the policy, by the keeping or use of petroleum on the premises.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.