CHARLES H. COE *against* PATRICK CASSIDY.

(Decided December 6th, 1875.)

Under a plea of payment a guarantor cannot avail himself of any legal set-off or counter-claim existing in favor of his principal, except under circumstances appealing to the equitable consideration of the court.

Where a bill of sale of personal property was taken in *payment* of rent due, and the vendee agreed, on the fulfillment of certain conditions, to resell it to the seller at the same price at which it was valued in the bill of sale: *Held*, that this was an absolute transfer of the property, and not a mortgage of it.

APPEAL by defendant from a judgment of this court entered on the verdict of a jury, after a trial before Judge LARREMORE. The facts are fully stated in the opinion.

*A. R. Dyett,* for appellant.

*John E. Parsons,* for respondent.

ROBINSON, J.—Defendant was sued on his guaranty of rent to accrue on a lease executed by the plaintiff, to Harris & Schneider, of premises in Brooklyn, which included the use of "pumps, shafting and machinery" in the building on the premises, for the term of four years, from October 1st, 1867, at the yearly rent of $10,000, payable in equal monthly installments, on the first day of each month thereafter.

This action was brought to recover the year's rent so to accrue from December 31st, 1870, to January 1st, 1872. Defendant, for answer, after certain denials as to his liability on such contract, set up the several defenses of payment of the rent claimed, eviction of the tenants, and an extension of the time of payment of the rent without his knowledge or consent. These issues were tried by a jury, and a verdict rendered for the plaintiff. The judgment entered thereon is appealed from upon a bill of exceptions, and not from the decision upon any motion for a new trial made upon the judge's minutes, or any

Coe v. Cassidy.

case made and heard in the first instance at special term. The defendant is therefore entitled to be heard on this appeal only upon his strict rights, as raised by his exceptions. His original liability upon his alleged contract, as guarantor or surety, as alleged in the complaint, although somewhat qualifiedly denied, was fully proven, and he neither established payment of the rent sought to be recovered, nor any eviction of the tenants. No sum whatever was shown to have been paid by any of the tenants or others, or received by the plaintiff, as payment on account of the rent for which the suit was brought. Under the defense of payment the guarantor or surety might have shown as well any such specific payment as any appropriation by the principal debtor of any property which had been made and accepted in payment by the creditor, but he could not, under such a plea or defense, avail himself of any legal set-off or counterclaim existing in favor of his principal as payment, or otherwise, except under circumstances appealing to the equitable consideration of the court (*Gillespie* v. *Torrance*, 25 N. Y. 306; *Lafarge* v. *Halsey*, 1 Bosw. 171; *Lyman* v. *Newman*, 29 Barb. 162). In the absence of the assertion of any such rights of equitable set-off, whatever evidence was offered on the trial of any damages sustained by the tenants from the trespasses and other acts of the plaintiff alluded to in the testimony of some of the witnesses, or from legal or equitable claims not presented by the pleadings, it had no bearing upon the issues thereby raised, and is, for the reason before stated, to be disregarded upon the questions presented by the bill of exceptions.

As to the defense that plaintiff had extended the time of payment of previously accrued rent, without defendant's consent, the only testimony pertinent thereto showed that, for the six months rent accruing from May 1st to November 1st, 1869, amounting to $5,000, plaintiff, on the 17th day of November of that year, accepted from William Fischer, then the assignee of the lease and owner of the machinery and chattels that had been placed in the premises by the tenants, a bill of sale thereof for the consideration of said $5,000 rent, and in payment thereof, and that he gave back to Fischer an agreement that if that amount was repaid *as fast as realized* from the operation of the

distillery carried on on the premises every fourteen days on account, and the current rent from November 1st, 1869, to May 1st, 1870, payable monthly, *he would resell* said machinery to said Fischer for the same sum as he had sold it to plaintiff. None of the conditions of this latter agreement were complied with, except that the rent of November and December, 1869, were paid. It is claimed, on the part of the defendant, that the bill of sale, in connection with the counter agreement, constituted, in law, a *mortgage*, as security for the $5,000 rent past due, and that thereafter to accrue until and on May 1, 1870, and that such an extension and alteration of the terms of payment being thereby effected without his consent, by operation of law released him from his suretyship for the rent claimed. He also claims that the property so transferred, having exceeded in value (as to which some of the testimony might warrant that conclusion), the rent of $5,000 due November 1, 1869, and also that for the six months for which action is brought, and being re·tained and appropriated by the plaintiff as mortgagee, to his own use, he became chargeable with such value as and towards payment and extinguishment of the claim in suit, as an equitable set-off, realized from the collateral security held by him. No such defense is interposed by the answer by or under which an appropriation of the value of property taken by the creditor as collateral security could be enforced as and by way of an equitable set-off, or, if exceeding the debt, the surety could be adjudged to be discharged. The answer simply alleged *a payment* of the debt sued for by the sale and delivery to the plaintiff of all the property, machinery and fixtures. That defense was unsustained by any proof, as was also any just pretense to any claim to exoneration from any portion of the debt in suit, by reason of the transfer made by Fischer to the plaintiff of the property mentioned in the bill of sale, dated November 17, 1870. That was a conditional sale, and not a mortgage. The existing debt for the previous six months rent was thereby paid and extinguished. The right to repurchase on the terms stated in no way divested the transaction of the character of an *absolute* transfer. Neither Fischer, the seller, nor defendant, the surety on the lease, had any right under it to hold plaintiff

chargeable as trustee or mortgagee for the property thus transferred (except through the contract of repurchase), if it had advanced in value beyond the $5,000 allowed for it in payment of the rent due, nor could plaintiff make any further demand for the rent thus paid, although the property had been lost or destroyed without neglect or fault on his part. The circumstance that the debt of $5,000 was thereby extinguished, constitutes the *test* between a conditional bill of sale and a mortgage (*Robinson* v. *Cropsey*, 6 Paige, 480 ; *Holmes* v. *Grant*, 8 Id. 243 ; *Baker* v. *Thrasher*, 4 Den. 493 ; *Quirk* v. *Rodman*, 5 Duer, 285 ; *Sexton* v. *Hitchcock*, 47 Barb. 220 ; *Hill* v. *Grant*, 46 N. Y. 496). The witness Harris disclosed no interest in himself in the property so sold the plaintiff, at the time of that transaction, which authorized him to redeem or repurchase it from plaintiff, and the subsequent negotiations with him have no bearing upon the issues. His mere verbal agreement with Walbridge & Co., to which he testified, not being in writing, was of no legal force or effect, and the judge, in submitting to the jury the question whether this bill of sale from Fischer to the plaintiff was intended as a mortgage (which they found to the contrary), extended to the defendant a recognition of rights which had no legal existence.

Considerable testimony appears to have been given on the trial which might have been relevant under a defense of an accepted surrender of the premises, but none such was interposed. It was wholly irrelevant to any issues presented by the pleadings, according to which the pleaders were only entitled to recover " *secundum allegata et probata* " ( *Wright* v. *Delafield*, 25 N. Y. 266 ; *Williams* v. *Merch. & Traders' Fire Ins. Co.* 54 N. Y. 577). The rule is, by these cases, rigidly established by the Court of Appeals. If any relaxation of it is to be permitted, it would be in a case where the *appellee* had succeeded in obtaining a verdict in his favor upon testimony establishing his right, and which had been offered and received without objection of variance from the pleadings. In such case a proper amendment might be allowed by the court on appeal, and the pleadings conformed to the proofs. As to the defense of eviction, the testimony was insufficient to establish it. The acts of the plaintiff

adduced to establish it were, at most, mere trespasses, and the defendant's counsel could not claim a nonsuit upon any testimony offered when plaintiff's testimony closed, and did not insist upon the presentation of that question to the jury.

As from these considerations the defendant shows no error in the matter raised by his bill of exceptions, the judgment should be affirmed with costs.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Judgment affirmed.