Landon, J.
The plaintiff obtams title to the cause of action under an assignment thereof made to him by the insured.
It appears that this assignment is in the form of a general assignment for the benefit of creditors. It was duly acknowledged by the assignor. The defendant who was a debtor, not a creditor of the assignor, objects to the plaintiff’s title, because of a defective certificate made by the notary public of the acknowledgement of the plaintiff of his written assent to accept the assignment. TMs is no concern of the defendant. The statute, chapter 466, Laws 1877» is for the benefit of creditors of the assignor. It was no part of its purpose to enable a debtor of the assignor to escape or delay payment. The plaintiff has by virtue of the assignment a good title against the assignor and against the defendants.
Second. The policy provided that the defendant “will not be liable for loss or damage caused by the workrng of mechamos on the premises,” except in certain cases, *
nor for the use of kerosene except for lights * * the *122 lamps to be filled and trimmed by daylight and without the use of artificial light.
This is not a forfeiture of the policy if kerosene lamps are used and filled by night or by artificial light, but an exemption of the defendant from loss thereby caused. Whether the loss was “for the use of kerosene,” contrary to the terms of this policy, was a question of fact for the jury upon the evidence, and their verdict is not against its clear weight. Besides, the pleadings present no issue upon this subject. The plaintiff was not required to deny, in his complaint the violation of this restriction. The evidence with respect to kerosene and its use was competent under that part of. the answer which alleged that the fire was caused by the wilful act of the defendant, and hence was not available to support a new issue not presented by the pleadings. The plaintiff could not be held to have waived his right to insist that no issues should be tried except those presented by the pleadings, when the evidence which might tend to support such new issues was admissible in support of existing issues. Williams v. Mechanics and Traders' Fire Ins. Co., 54 N. Y., 577.
Third. Whether the insured used diligent effort to save his property at and after the fire was a question not presented by the pleadings, and if, notwithstanding the issue was accepted by the plaintiff, it presented a question of fact upon the evidence for the jury.
Fourth. The answer did deny that due proofs of loss were presented. Proofs of loss were presented to the defendant soon after the fire, and forty-five days after their receipt the defendant, without returning the proofs, made certain written specifications of objections to their sufficiency.
In Keeny v. Home Ins. Co. (71 N. Y., 396), the company retained the proofs of loss thirty-eight days and then notified the plaintiff of their objections. The court held that the jury would have been justified in finding that the company had waived their objections and accepted the proofs as sufficient. In this case the jury under a charge, to which, in this respect no exception was taken, must be presumed to have found the like waiver. This verdict seems justifiable. The defendant, in the paper stating its objections, claimed that instead of the loss being payable upon the expiration of sixty days from the date of the service of proofs of loss already made, it should not be payable until “ ascertained and proven in full accordance with the terms and conditions of the policy.”
For forty-five days the company had led the insured to suppose that his proofs were full enough, and that the day of payment would arrive at the end of sixty days. The evidence suggested the inference that after forty-five days *123 of examination, the defendant exacted more rigid proofs of loss, not for its guidance, hut for the benefit of having objections to the sufficiency of proofs already served. Whether there was a waiver or not was a clear question of fact. Did the defendant wish to withdraw a waiver already extended ? Did it wish to make objections not at first thought prudent to make ? Did it seek to obtain a technical defense because its substantial defense was likely to fail ? Did it want forty-five days additional time ? These and the like questions suggested by the evidence could only be resolved by the jury.
FÍflh. The objection that a notary public might have been obtained a few feet nearer to the fire than the one whose certificate was obtained, does not seem to be clearly supported either by the terms of the policy, or by the facts, and was waived because not seasonably made. The objection that the insured did not present himself, with his books and vouchers, at the office of the defendant for examination, was not supported by the evidence. The origin Of the fire, and the extent of the loss, 'were questions of fact for the jury. The case was sharply contested, but it seems to have been properly tried, and we see no reason why we should disturb the verdict.
The exceptions taken by the defendant to the rulings upon the admission of evidence have been examined and not sustained.
Judgment affirmed, with costs. ’
Learned, P. J., and Bocees, J., concur.