# JULIA CASSACIA *v.* PHŒNIX INSURANCE COMPANY.

PLEADINGS IN ACTION ON INSURANCE POLICY.—If a policy of insurance contains a clause that if the assured keep gunpowder, the same shall be void, and the complaint avers that the plaintiff faithfully complied with the terms of the policy, and the answer does not deny the same, nor set up as new matter the keeping of gunpowder as a defense, the fact that gunpowder was kept cannot be insisted on as a defense.

JUDGMENT FOR INTEREST WHEN COMPLAINT DOES NOT ASK FOR IT.—If an answer is filed, judgment may be rendered for the principal and interest added thereto, although the complaint only pray for judgment for the principal.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The complaint averred that the property insured was destroyed by fire July 30th, 1863, and that immediately thereafter the plaintiff furnished the defendant with the proof of the loss as required by the policy. Judgment was rendered for plaintiff December 15th, 1864, for two thousand and thirty-three dollars and twenty-eight cents and costs, the judgment to bear interest at ten per cent per annum.

The other facts are stated in the opinion of the Court.

*Shafter, Goold,* and *Dwinelle,* for Appellant.

The Court below clearly erred in denying defendant's motion for a nonsuit. The plaintiff kept gunpowder without written permission in the policy. By the express terms of the instrument, the policy thereupon became inoperative and void.

*T. J. Bergen,* for Respondent.

There are two clear and well settled propositions of law upon which the action of the Court below in refusing to nonsuit may be safely rested, namely: First, that the written controls the printed portion of the policy, the former of which clearly covers the stock of which it is conceded the gunpowder formed a component part; and secondly, that the alleged violation, not having been set up in the answer, no advantage can now be taken thereof. (*Harper* v. *The Albany Mutual Insurance Co.* 17 N. Y. 194; *Wall* v. *Howard Insurance Co.* 14 Barbour, 383; *The Phœnix Insurance Co.* v. *Taylor,* 5 Minnesota, 492.)

By the Court, SAWYER, J.

This is an action on a policy of insurance for the value of the goods insured destroyed by fire. The policy contained a clause that, "if the assured shall keep gunpowder * * * this policy shall be void." At the trial it appeared, that at the

time of the fire plaintiff had in her store "eleven cans of gunpowder for sale in her business." Thereupon the defendant, at the close of plaintiff's case, moved for a nonsuit, upon the ground that the policy had become void under the provision cited. The motion was denied, and this ruling constitutes the principal ground of the appeal.

The complaint, which is verified, alleges that the "plaintiff on her part 'in all respects' faithfully complied with all the terms and conditions of the said policy on her part to be kept, observed and performed." This allegation is not denied, and if material, is admitted for the purposes of the action. And the answer does not set up the keeping of gunpowder as a defense. The contract was valid at the time it was made. If it is void, it has become so by acts of the plaintiff contrary to the conditions of the contract that have happened since it was made; and these matters should have been put in issue in some mode, and we think, set up by the defendant. The fact relied on to sustain a nonsuit was not relevant to any issue taken on the allegations of the complaint, and no issue was tendered by new matter set up in the answer. It was, consequently, irrelevant to any issue in the case. We think there was no error in denying the nonsuit.

The only other point is, as to whether the Court erred in allowing interest under the prayer of the complaint—for the excess over the specific amount demanded is evidently interest at the legal rate from the date of filing the complaint till the verdict. The judgment was not by default, and under section one hundred and forty-seven of the Practice Act, the Court was authorized to "grant any relief consistent with the case made by the complaint and embraced within the issues." The contract was to "make good unto the assured * * all such immediate loss or damage not exceeding two thousand dollars, as shall happen by fire to the property" insured, "the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proof of the same made by the assured and received at the office in accordance with the terms

of said policy." The fire was alleged to have occurred, the proofs made and notice given, more than sixty days before the commencement of suit. It was also alleged that the amount of the loss thus sustained was two thousand dollars; that the company had sold remnants of the goods for one hundred and twenty-three dollars and paid the proceeds over to the plaintiff, and that there remained due one thousand eight hundred and seventy-seven dollars, for which sum plaintiff prayed judgment, and for such other and further relief as may seem meet. Here was a contract, substantially, to pay a certain sum to be ascertained, in case of fire, in a certain mode, and payable at a time specified, also to be ascertained in a prescribed manner. The facts showing that the amount had been ascertained and become payable, and that it remained unpaid, were averred, and from the time the money falls due the statute says it shall bear interest, and the interest shall be included in the judgment. No further allegation was required to entitle the party to interest. She only recovered the amount due at the time under the contract, and subsequently accrued interest. We think the allowance of interest from the commencement of suit was consistent with the case made, and embraced within the issues. (*Lane* v. *Gluckauf, ante,* 292.) The cause of action in *Hooper* v. *Wells, Fargo & Co.,* referred to by appellant, sounded in tort, and the suit was brought to recover damages *eo nomine,* and the plaintiff alleged that the " damages " sustained by reason of the acts complained of amounted to a specified sum, and he claimed judgment for that sum. Whatever the measure of damages might have been, the amount alleged, and therefore embraced within the issue, was limited, and could not be exceeded by the judgment.

Judgment affirmed.

Mr. Justice Currey expressed no opinion.