[No. 6,969.—Department No. 1.]

GILMORE v. THE LYCOMING FIRE INS. CO.

PLEADING—COMPLAINT.—Where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *hæc verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient. So *held*, in an action upon a policy of fire insurance, where the policy, attached to the complaint as part thereof, referred to the application of the assured as forming a part of the policy and as a warranty on the part of the assured, but the application was not attached nor the effect alleged in the complaint.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Gray & Haven*, for Appellant.

*Brunson & Wells*, for Respondent (on petition for hearing in bank).

The point decided was not claimed or discussed by appellants in the Court below, or presented in their brief upon the submission of the case. We respectfully submit that the principle decided by the Department is not law. In alleging a deed at common law, the plaintiff need not in his pleading show more of it than answers his immediate purpose. (1 Chitty Pl. 430.) If the omitted part would show that the plaintiff had no cause of action, or that there was a material variance, the defendant could crave oyer. (Id. 434.) But we think there is no instance where a demurrer for insufficiency would be sustained, because it appeared that there was some matter which might, if shown, defeat the complaint. But we may admit the correct-

ness of the principle stated in the decision, with this qualification, that it must necessarily appear that some part of the contract has been omitted. The reference in the policy to the application does not necessarily show that there was in fact any such application ever made. Notwithstanding such reference, there may, in fact, be no such application, and, if there is a necessary legal conclusion that there is one, and it must be pleaded, the result would be that no action could be maintained on the policy at all, unless the application referred to actually existed. The practical effect would be, that a policy containing such a reference would be void. But it has been held to the contrary. (*Blake* v. *Exchange Mutual Ins. Co.* 12 Gray, 266.) We submit that it did not appear from the complaint that there was an application. The allegation is, that the copy attached to the complaint is a true copy, and the demurrer to the answer admits that it is. We submit that the allegation is a good averment—as against a general demurrer—that there was no application. (*Hill* v. *Hoskin,* 51 Cal. 177.)

McKINSTRY, J. :

The demurrer to the complaint should have been sustained. Where a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *hæc verba,* nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient. Here the plaintiff alleges that, for sufficient consideration, the parties entered into a contract of insurance, a copy whereof is annexed as part of the complaint. The policy contains the provision following :

" Sum insured, $650. Time, one year. Rate, 3.50 per cent. Premium, $22.75.

" And the said Lycoming Fire Insurance Company hereby agree to make good unto the said assured, her executors, administrators, and assigns, all such immediate loss or damage, not exceeding in amount the sum or sums insured as above specified, nor the interest of the assured in the property, except as herein provided, as shall happen by fire or lightning to the property so specified, from the 24th day of June, 1878, at twelve o'clock, at noon ; the amount of loss or damage to be estimated

according to the actual cash value of the property at the time of the loss, and to be paid ninety days after due notice and proofs of the same shall have been made by the assured and received at this office, in accordance with the terms and provisions of this policy, unless the property be replaced, or the company shall have given notice of their intention to build or repair the damaged premises. *Reference being had to the application of the assured, which forms a part of this policy,* and is a warranty on the part of the assured.

" 1. If an application, survey, plan, or description of the property herein insured is referred to in this policy, such application, survey, plan, or description shall be considered a part of the contract, and a warranty by the assured; and any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, or overvaluation, or any misrepresentation whatever, *either in a written application* or otherwise; or if the assured shall have, or shall hereafter make, any other insurance of the property hereby insured, or any part thereof, without the consent of the company written hereon, or if the above-mentioned premises shall be occupied or used so as to increase the risk, or become vacant and unoccupied more than thirty days, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever, without the assent of this company indorsed hereon," etc.

The application of the assured is not set forth in the complaint, nor are its contents alleged. Yet, as we have seen, the application " forms a part " of the policy. The plaintiff avers that she has " duly performed all the conditions " of the contract on her part, but the averment fails to make the complaint complete in the absence of a portion of the policy which is necessary to explain the agreement as a whole, and which in connection with the policy proper may determine what the conditions are. (See *Bobbitt* v. *L. & L. & Globe Ins. Co.* 66 N. C. 70.)

Judgment and order reversed, and cause remanded to the Court below, with direction to sustain the demurrer to plaintiff's complaint, with leave to amend.

Sharpstein, J., and McKee, J., concurred.