[No. 8,473. Department One.—November 28, 1884.]

GEORGE TISCHLER, RESPONDENT, v. THE CALIFORNIA FARMERS' MUTUAL FIRE INSURANCE COMPANY, APPELLANT.

INSURANCE POLICY—APPLICATION FOR INSURANCE.—In an action upon a fire insurance policy, the plaintiff need not allege in his complaint the terms of the application for insurance, when the application was verbal, and was not required by the provisions of the policy to be in writing.

ID.—PLEADING—INCREASE OF RISK—DEFENSE.—Where a clause of a policy provides that it shall be void, "if the risk be increased by any means," the fact that there was an increase of risk by the act of the assured is an affirmative defense, and must be set up in the answer.

ID.—STIPULATION AGAINST GUNPOWDER—FIREWORKS.—The plaintiff kept fireworks upon the insured premises; *Held*, that this was not a violation of a clause of the policy prohibiting the keeping or using of *gunpowder* upon the premises.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*A. W. Thompson*, for Appellant.

*Winans, Belknap & Godoy*, for Respondent.

ROSS, J.—1. Appellant claims that, upon the authority of *Gilmore* v. *The Lycoming F. I. Co.*, 55 Cal. 123, defendant's motion for judgment on the pleadings should have been granted.

Even if the policy involved in this case was similar to that involved in that, the decision there would not be authority for sustaining the motion here in question  But in *Gilmore* v. *The Lycoming Company*, the application of the insured was expressly made a part of the policy, and therefore constituted a part of the contract ; and it having affirmatively appeared from the complaint in that case that all of the terms of the contract were not stated, but that a portion, which might prove material, had been omitted, the complaint, on demurrer, was held insufficient, and the demurrer sustained, with leave given the plaintiff to amend the complaint.   In the present case, the application, as shown by the evidence, was a mere verbal one, which was authorized by the terms of the policy.

2. The policy sued on provides that it shall be void "if the risk be increased by any means," or * * * * "if gunpowder, phosphorus, camphene, spirit, gas or chemical oils are kept or used on the premises without written consent."   The property insured was the plaintiff's "stock of stationery, books, toys and other merchandise," contained in a certain described building. The defendant by answer set up that at the time the fire in question occurred, the plaintiff had in his store, wherein was the property insured, "gunpowder, to wit: A certain lot of fireworks and like combustible merchandise made of gunpowder," without the written consent of defendant, and that the fire that destroyed the property insured "originated in and occurred by the combustion of said gunpowder in the said fireworks contained, and not otherwise."   At the trial it was admitted that the fire "was caused by the explosion of a bomb thrown from the street among a lot of fireworks in plaintiff's store."   The clause providing that the policy should be void "if the risk be increased by any means," may be laid out of consideration, inasmuch as that defense was not set up in the answer. (*Cassacia* v. *Phœnix Insurance Company*, 28 Cal. 630 ; *Kentucky and L. M. Insurance Company* v. *Southard*, 8 B. Monroe, 634, *et seq.; Ferris* v. *N. A. F. Insurance Company*, 1 Hill, 71.)

It remains to consider whether the fireworks kept by the plaintiff rendered void the policy, under that provision of it prohibiting the keeping or use on the premises of "gunpowder."

Defendant introduced no testimony tending to show of what the fireworks were composed. They may be composed of various combustible materials—usually, we believe, of preparations of gunpowder, sulphur, and some other inflammable material or materials. But although gunpowder may be, and usually is, one of the constituents of fireworks, it by no means follows that "fireworks" are "gunpowder." The latter is "a mixture of saltpetre, sulphur and charcoal separately pulverized, then granulated and dried." It was the mixture called gunpowder which, along with phosphorus, camphene, gas and chemical oils, the plaintiff was by the policy in question prohibited from keeping or using on his premises, without the written consent of defendant, under penalty of rendering the policy void. If defendant wished to provide that the policy should be void, in the event the insured should keep fireworks, it ought to have said so, as the other companies do, as shown by the record in this case.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.