SPERRY and others *v.* INSURANCE CO. OF NORTH AMERICA.

*(Circuit Court, D. Colorado. December 11, 1884.)*

FIRE INSURANCE—KEEPING DANGEROUS SUBSTANCES ON PREMISES.

The prohibitory clause in a fire insurance policy against the keeping of dangerous substances cannot be extended so as to include a building other than the one covered by the policy.

At Law.

*E. T. Wells,* for plaintiffs.

*V. D. Markham,* for defendant.

HALLETT, J. Action on a policy of insurance for $1,000, issued by defendant to plaintiffs, of date October 24, 1883, covering a stock of goods "on the grade floor of the two-story frame shingle-roofed building situate on the north side of Main street, east of Center avenue, in Garfield, Chaffee county, Colorado." The goods were destroyed by fire, October 30, 1883. Several defenses are set up in the answer:

*First.* That the loss was caused, not by fire, but by an explosion of some kind, for which the defendant is not liable by the terms of the policy.

This defense is not supported by the evidence.

*Second.* That a clause of the policy prohibited the keeping of gunpowder, giant powder, or nitro-glycerine in the premises where the goods were kept; "and defendant alleges that the plaintiffs, at the time of the alleged damage and for a long time prior, had deposited and stored on said premises, and in said building where the stock of goods insured was, large quantities of gunpowder, giant powder, and nitro-glycerine, that is to say, 1,000 pounds of each, without any consent of the defendant so to do expressed in the body of the policy, and without the knowledge and against the consent of the defendant."

On this point the evidence shows that a one-story building on an

adjoining lot, and some three or four feet from that mentioned in the policy, was used by plaintiffs as a store-house. A covered way connected the two buildings at some point towards the rear. Goods were taken into the store-house and put out at times through front doors, which opened on the street, but in general the store-house was used only in connection with the building mentioned in the policy through the passage-way at the rear. Of the existence and use by plaintiffs of the building as a store-house, its situation and connection with the main building in which plaintiffs' business was carried on, defendant's agent had notice at and before the time of issuing the policy; but whether the agent also had notice that giant powder or dynamite was kept in the store-house is not clear. That substance was kept in the building, open to view, and defendant's agent was in the room. Nothing was said about it, and it may be going too far to assume that he saw it and knew what it was. However that may be, it is clear that the store-house was not any part of the premises covered by the policy, or within the prohibition of the policy as to keeping explosive substances. The prohibitory clause reads as follows:

"Gunpowder, fire works, nitro-glycerine, phosphorus, naphtha, benzole, benzine, benzine varnish, camphene, spirit gas, gasoline, phosgene, or burning fluid, or any similar inflammable fluid, are positively prohibited from being deposited, stored, kept, or used in any building on which, or on the contents of which, there is any insurance under this policy, unless by special consent expressed in the body of the policy, naming each article specifically, otherwise the insurance by this policy shall be void."

It refers only to the building in which the goods were stored on which insurance was given, and does not in any way refer to the store-house, or anything in it. In this clause plaintiffs were not limited in the use of the store-house or any other building, excepting that in which the goods covered by the policy were kept. Therefore, the defense that such articles were kept in the premises mentioned in the policy is not made out.

*Third.* Another clause of the policy on which defendant relies is as follows:

"And if the insured shall, in such application, survey, or plan, or in any statement or description, written or oral, make any misrepresentation as to the character, condition, situation, value, or ownership of said property, or as to the occupancy of the premises, or the exposures thereto, or any other misrepresentation whatever, or fail to make known every fact material to the risk, including the amount of incumbrance on said property, if any, this policy shall be void. The procuring of insurance on said property for more than its cash value; or the having of other insurance thereon, or any part thereof, valid or invalid, prior or subsequent, not made known to this company and consented to hereon; or any change increasing the hazard, either within the premises or adjacent thereto, within the control of or known to the assured, and not reported to this company, and agreed to by entry in due form in the body hereof,—will render this policy null and void."

It is alleged that plaintiffs kept and stored "in the same building and on the same premises with the stock of goods insured," gunpowder,

giant powder, and nitro-glycerine, in violation of this clause. As has been stated already, the giant powder was in the store-house, and not, as alleged, "in the same building and on the same premises with the stock of goods insured." Therefore that defense is not made out.

*Fourth.* Referring to that part of the clause last mentioned which forbids any change increasing the hazard, it is averred that plaintiffs "did make a change increasing the hazard within the premises and building in which was the stock of goods insured in said policy, by depositing and storing large quantities of giant powder and nitro-glycerine on said premises and in said building after the issuance of said policy." This is answered by the statement already made that the giant powder was not kept "on said premises or in said building," as averred. These matters are repeated in an amendment which adds nothing to what has been stated. In all the defenses it is alleged that the giant powder was kept in or on the premises described in the policy, which, if true, would bar the action. But the fact is not as alleged; as fully explained, the prohibiting article was kept, not in or upon, but very near to, the premises described in the policy.

The real question suggested by the evidence is whether the fact that giant powder was kept in the store-house adjacent to the building mentioned in the policy was material to the risk, and therefore a matter of which plaintiffs were bound to notify defendant at the time of application for the policy. That is a question which can be raised by answer only, and when thus presented is to be decided by the jury. *Cassacia* v. *Phœnix Ins. Co.* 28 Cal. 628. If it appeared to be wholly decisive of the case, perhaps the defendant would be allowed, even at this late day, to amend its pleading in a way to avail of the defense. But the circumstances disclosed by the evidence, although suggestive of doubt, are by no means conclusive as to the fact. The warehouse was in use at the time application was made for the policy, and defendant had knowledge of it. Giant powder is an article usually kept in stores in mining towns, and it was a fair inference that plaintiffs were dealing in it. To store or keep it with the goods insured was forbidden, but nothing was said as to keeping it in the warehouse or elsewhere without the main building. As the dangerous compound was excluded from the building mentioned in the policy, it is not quite reasonable to go beyond the language of the contract and say that plaintiffs were also forbidden to keep it in another place. If more was intended than is stated in the policy, why was it omitted from that instrument? To have prohibited the storage in the warehouse of any of the articles referred to as hazardous would have been easy enough, and the failure to do so gives support to the argument that it was not intended. But the question is not presented in the record, and therefore not open to consideration except upon the matter of amendment. I am of the opinion that the defense to the action is not sustained, and judgment will be for plaintiffs.