HONG SLING, RESPONDENT, v. THE NATIONAL ASSURANCE COMPANY OF IRELAND, APPELLANT.

HONG SLING, RESPONDENT, v. THE SCOTTISH UNION AND NATIONAL INSURANCE COMPANY OF EDINBURGH, APPELLANT.

HONG SLING, RESPONDENT, v. THE PHŒNIX ASSURANCE COMPANY OF LONDON, APPELLANT.

INSURANCE.—LOSS BY FIRE.—THEFT OF GOODS.—Where an insurance policy provided that the insurance company should not be liable for loss by theft at or after a fire, and the policy was made an exhibit to the complaint, and the theft not negatived by the complaint, and in the answer the defendant did not raise the issue of theft by alleging the same affirmatively, but upon the trial evidence was offered, without objection on plaintiff's part, that plaintiff had said that a part of the goods had been stolen; *held*, that the evidence of theft, although not objected to, could not be considered, because it was not relevant to the issues.

EVIDENCE.—ALLEGATA ET PROBATA.—TESTIMONY NOT OBJECTED TO.— An issue cannot be made material, and evidence in regard to such an issue rendered relevant by failure of opposing counsel to object thereto, and evidence not relevant to the issue made by the pleadings, even though not objected to, cannot be considered by the court or jury.

INSURANCE.—LOSS BY FIRE.—APPRAISAL AND REWARD.—Where an insurance policy provided that an appraisal of the loss should be made by two disinterested and competent persons, and the appraisers, acting under the instructions of defendant's agent, assessed damages only to the goods visible and upon the tables, without allowing anything for missing pieces or sets broken;

*held,* in an action upon the policy, that the plaintiff was not concluded by the award.

APPEALS from judgments of the district court of the first district and from orders denying new trials in each of the cases. The opinion states the facts except the following:

The defendant in each case requested the lower court to charge that the plaintiff could not recover for goods lost by theft. This the court refused to do. The court, on the other hand, charged among other things that if they should "believe from all the evidence and all the surrounding circumstances as they existed at the time, that the fire was actually the cause or proximate cause of the loss of plaintiff's goods, then and in that event, your verdict should be for the plaintiff for the actual cash value of the goods shown to have been lost, injured or destroyed in the market here at that time; *and this whether the goods were consumed by fire or not, provided the fire was the cause of the loss.*"

*Messrs. Evans and Rogers, Messrs. Bennett, Marshall and Bradley,* with *Mr. T. C. Van Ness* of counsel, for the appellants.

*Messrs. Maloney and Perkins,* for the respondent.

ZANE, C. J.:

This action was instituted by the plaintiff in the district court upon a policy of insurance, to recover damages to his stock of goods in consequence of a fire. The facts of the case, so far as we deem it necessary to state them, are that a fire broke out in the Novelty Theater in Ogden City; that plaintiff's stock of goods, consisting of silks, china-ware, and other goods, was in a store-room on the first floor of the adjoining building;

that the fire extended to the second floor of that build-
ing, and water thrown upon it ran down on the goods,
and their destruction was imminent; that the firemen
broke the door, and carried a large portion of them out;
that the plaintiff, who was a Chinaman, was at the time
absent from Ogden, and the store was in charge of his
clerk, and when he returned, two or three days after-
wards, he said, without knowing, that a portion of his
goods had been stolen.  The men in charge of them
during and after the fire until they were returned to
the plaintiff testified that they kept careful watch over
them, and that none were stolen, to their knowledge.
The policy provided that the insurance company should
not be liable for loss by theft at or after a fire.  This
provision was not set out in the complaint, further than
by making the policy an exhibit, and loss by theft was
not denied, nor was loss by theft averred in the answer.
If the defendant wished to rely upon the provision
excepting loss by theft, he should have said so in his
answer; he should have put that fact in issue.  The rule
as to the issues, and the evidence with respect to them,
is laid down in the first volume of Greenleaf on Evi-
dence, § 51, as follows:

"The pleadings at common law are composed of the
written allegations of the parties, terminating in a single
proposition, distinctly affirmed on one side and denied
on the other, called the 'issue.'  If it is a proposition
of fact, it is to be tried by the jury upon the evidence
adduced; and it is an established rule, which we state
as the first rule governing in the production of evidence,
that the evidence offered must correspond with the alle-
gations, and be confined to the point in issue."  The
testimony called out that the plaintiff said that his
goods had been stolen was irrelevant to any issue made
by the pleadings, and the fact that the plaintiff's counsel

did not object to it did not authorize the defendant to rely upon it in defense. *Cassacia* v. *Insurance Co.*, 28 Cal. 629; Wood Ins. p. 1141; *Tischler* v. *Insurance Co.*, 66 Cal. 178, 4 Pac. Rep. 1169; *Bittinger* v. *Insurance Co.*, 24 Fed. Rep. 549; *Williams* v. *Insurance Co.*, 54 N. Y. 577.

It has been held that evidence relevant only to a material issue, not made by the pleadings, admitted without objection, may be relied upon; that a material issue outside of the pleadings may be made in that way; that the attorney on one side of the case by asking an irrelevant question, and the attorney on the other by not objecting, may make such evidence relevant; in other words, that a material issue may be made and evidence become relevant by such questions and failure to object. We are disposed to hold, however, that an issue cannot be presented in that way, and that evidence not relevant to the issues formed by the pleadings should not be relied upon or considered by the court or jury, though not objected to; that such an issue should not be tried, or evidence with respect to it be considered, without the express consent of both parties, and the express approval of the court.

The policy sued on contained a provision requiring the loss or damage in case of fire to be appraised by two disinterested and competent persons, unless such loss or damage could not be agreed upon between the parties; and that the loss should not be payable until appraisement should be made. It appears from the record that appraisers were selected and qualified, and that they made an award in which they found the amount of loss to be paid by defendant at $117.95. But the jury returned for plaintiff $793.59 damages, and $60.80 interest. Was the plaintiff's right of recovery limited by the award? The appraisers testified that Mr. Chalmers, the

adjusting agent of the defendant, was present at the time of the appraisal, and instructed them to appraise only the damage to the goods selected, and on the tables, —those laid out and invoiced; that with respect to the china-ware they only assessed the damage to the pieces and parts of sets left,—nothing for the missing pieces or because of sets being broken. They stated that the adjusters said they were only authorized to appraise the visible damage to the goods present per the inventory, and that he told plaintiff that this was all the appraisers had authority to determine; and that he would consider any further claim for loss when such appraisement was completed; and upon such a basis it appears from the record the appraisal was made, and that it was so made at the instance of the agent of the defendant. It is clear that this basis was too narrow. The policy covered any loss of property or damage to it by reason of the fire.

The rule of damage is well stated in the first volume of Wood on Fire Insurance, p. 265: "When insurance is against loss by fire, the insurer is liable for any damage done to the property by reason of a fire, even though the property itself was not burned or in any wise injured by fire, if the fire was the proximate cause of such damage, and the damage arose in consequence of efforts reasonably made by the assured or others, in view of the imminence of the peril, to preserve the property from conflagration, which must be judged from the peculiar circumstances of each case." The fact that the award did not include all the loss and damage to which the plaintiff was entitled was the defendant's fault, and the company cannot be allowed to take advantage of it. In assessing the plaintiff's damages, the jury were not limited by the amount named in the award. The jury should have considered the entire loss and damage, and

estimated them upon the principles as above stated. The law being as we have stated, we are unable to find any error in the charge of the court, or in the refusal of the requests asked by the defendant; and in view of the evidence we do not feel authorized to disturb the verdict of the jury. Other errors were assigned but we do not deem it necessary to consider the case further. We find no error in the record sufficient to require a reversal of the judgment of the trial court. Judgments affirmed.

BLACKBURN, J., concurred.