## FLADUNG v. DAWSON èt al.

### S. F. No. 289; February 25, 1896.

#### 43 Pac. 1107.

**Action on Contract—Pleading and Proof.**—Where a complaint in an action to recover for work and materials alleges that they were furnished under a contract, which fact is not denied by defendant, the only issue made being as to the contract price, it is error to admit evidence of reasonable value.

APPEAL from Superior Court, Santa Clara County; John Reynolds, Judge.

Action by one Fladung against Dawson and others and J. G. Adams. From a judgment for plaintiff against him defendant Adams appeals. Reversed.

Smith & Murasky for appellant; C. S. Hemphill for respondent.

HARRISON, J.—The plaintiff brought this action to recover from the defendant Adams for certain labor and

materials furnished by him, and to have the same declared
a lien upon a certain building belonging to the defendant
Dawson. The plaintiff, as a subcontractor, had furnished
the materials and labor to Adams, who had contracted with
Dawson for the construction of the building, and the materials
and labor were furnished and used in such construction. At
the trial it was shown that the building had been completed
more than thirty days prior to the plaintiff's filing of his
claim of lien, and he was denied a lien against the building,
and judgment was rendered in favor of Dawson. The plain-
tiff, however, recovered judgment against Adams for the sum
of $1,015, from which, and an order denying a new trial,
Adams has appealed.

The finding of the court that no special contract was made
and entered into between the plaintiff and the appellant as
to the amount that the appellant should pay plaintiff for
his work and material is not only not sustained by the evi-
dence, but is in direct opposition to all the evidence on the
subject. The real issue which was contested at the trial was
the price that had been agreed upon between them for the
work, and not that there was no contract with reference to
the amount to be paid therefor. The plaintiff testified: "We
met, and went into the saloon, and he told me that he would
give me $3,335 to do the brickwork and the stonework and
set the ironwork." "I gave Mr. Adams one written bid on
this building, and I don't know now where it is. The amount
was $3,535." And, in explanation of the averment in the
complaint that the sum of $3,200 was agreed upon between
them as the price of the work, he said: "It was at the sug-
gestion of Mr. Adams that I charged $3,200 for the work
that I did. He told me that I had to take off a little. My
written bid was $3,535, and by an agreement with Mr. Adams
it was changed to $3,200." There was no testimony in the
case that the work was to be done for what it might be
worth, or that the plaintiff agreed to do the work without
any agreement as to its price. On the contrary, the appel-
lant offered in evidence a written bid for doing the work,
with the plaintiff's name signed thereto, which he testified
was received by him from the plaintiff, and had been written
by the plaintiff upon one of his business cards, and signed
by him, wherein he offered to do the work for $2,226. The
entire evidence on this point was that the price at which

the work was to be done was fixed by the bid of the plaintiff, and the court should have determined the amount of this bid, even though the testimony of the parties thereto was diametrically opposed: See Leviston v. Ryan, 75 Cal. 293, 17 Pac. 239. Instead of so doing, the court admitted evidence, against the objection of the appellant, of the value of the labor and material furnished by the plaintiff, and found that this value was $3,160, of which the plaintiff had been paid a portion, and made this value the basis of its judgment. This finding was also outside of the issues made by the pleadings. The plaintiff had alleged in his complaint that he had entered into a contract with Adams to do certain work upon the building, "for which defendant Adams was to pay and agreed to pay to plaintiff the sum of $3,200." The appellant did not deny the agreement, except as to the amount, which he alleged was the sum of $2,226. The only issue before the court in this respect was, therefore, the amount which the appellant had agreed to pay for the work, and the court erred in admitting evidence of the value of the work done by the plaintiff, and in rendering its judgment in accordance with the value found upon this testimony. The judgment and order are reversed.

We concur: Garoutte, J.; Van Fleet, J.