[Civ. No. 2311. Second Appellate District, Division One.—February 27, 1919.]

BROK MICKSCHL, Respondent, v. THE NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY (a Corporation), Appellant.

[1] FRATERNAL INSURANCE—ACTION ON POLICY—BREACH OF WARRANTY—BURDEN OF PROOF.—In an action to recover upon a fraternal insurance policy, the burden of proving the falsity of the representations made by the insured upon which the policy was issued devolved upon the defendant.

[2] ID.—CAUSE OF DEATH OF MOTHER OF INSURED.—Where, in an action on a fraternal insurance policy, the defense was breach of warranty by the insured in making a false representation that her mother died of pneumonia when she had in fact died of pulmonary tuberculosis, the finding of the court to the effect that the mother's death was caused by pneumonia was supported by the evidence.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. M. Willis and William Guthrie for Appellant.

Allison & Dickson for Respondent.

SHAW, J.—Plaintiff, as beneficiary therein, sought to recover upon an insurance policy issued by defendant to Norma Grace Mickschl. The answer alleged a breach of warranty on the part of the insured in that she falsely represented that the death of her mother, Mrs. Gould, was due to an attack of pneumonia, whereas, in fact, her death was due to pulmonary tuberculosis. Judgment went for plaintiff, from which defendant appealed.

Appellant's sole contention, in which there is no merit, is that the finding of the court to the effect that the death of Mrs. Gould, the mother of the insured, was caused by an attack of pneumonia, as represented by her, and not from pulmonary tuberculosis, as alleged by the defendant, is not supported by the evidence.

[1]   The burden of affirmatively proving the falsity of the representation made by the insured, and upon which the policy was issued, devolved upon defendant (Code Civ. Proc., sec. 1981; *Penn Mutual L. Ins. Co.* v. *Mechanics' Sav. Bank,* 38 L. R. A. 33–69, note), which called Dr. Strong as the only witness, who testified touching the cause of Mrs. Gould's death. Referring to the certificate of death prepared by the witness and wherein the cause of death was given as pulmonary tuberculosis, he stated that he first saw Mrs. Gould on her deathbed, at which time, after breathing not more than half a dozen times after he entered the room, she died as the result of a hemorrhage which he presumed was caused by tuberculosis, from which disease, in his opinion, she was suffering at the time of her death. On cross-examination, however, the witness stated that he was not positive that the deceased had pulmonary tuberculosis, since, in the absence of an autopsy, the only positive test in the determination of such fact would be a microscopic examination of the sputum, which was not made, and when asked the direct question, if at the time of her death she had pneumonia, replied: "That I could not say, but the immediate cause of her death was the hemorrhage, and not the tuberculosis." He further stated that he was not willing to swear positively that the woman did not die from the effects of pneumonia. "She may," said the witness, "have had pneumonia, but the immediate cause of the death was the hemorrhage," and again repeated that he was not prepared to swear that she did not have pneumonia. He further stated

the hemorrhage might have been due to other causes than tuberculosis, and that it was not impossible that the hemorrhage was caused from pneumonia.

[2] In view of the fact that Mrs. Gould died almost immediately upon the arrival of this physician, who then saw her for the first time, the testimony given by him was, as determined by the court, insufficient to prove the affirmative allegation contained in defendant's answer, that the warranty made as to the cause of Mrs. Gould's death was untrue, and in the absence of such proof the truth thereof is presumed. (*Piedmont & A. Life Ins. Co.* v. *Ewing,* 92 U. S. 378, [23 L. Ed. 610, see, also, Rose's U. S. Notes] ; *Yore* v. *Booth,* 110 Cal. 238, [52 Am. St. Rep. 81, 42 Pac. 808].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.