[Civ. No. 2733. First Appellate District, Division Two.—March 28, 1919.]

## CATHERINE TRULL, Respondent, v. THE INDEPENDENT ORDER OF PURITANS (a Corporation), Appellant.

[1] LIFE INSURANCE—MISNOMER OF INSURED—ACTION ON POLICY—EVIDENCE.—In an action on a life insurance policy issued by a fraternal organization and assumed by the defendant, there is no error in admitting in evidence over objection of the defendant the original certificate of insurance which purported to run to "George E. Prull" instead of "George E. Trull," where the defendant had received payments from Trull, and in its answer set up its assumption of the particular certificate, referring to it by number.

[2] ID.—ANSWER—WRITING NOT DENIED—ADMISSION.—In such action, where the application for the assumption of the insurance contract by the defendant was set forth in full in its answer, and was not denied under oath within ten days, it was admitted for all purposes of the case.

[3] ID.—MISREPRESENTATIONS—BURDEN OF PROOF.—In such action, the burden of proving misrepresentations was on the defendant, and where the only witness it produced was the physician who examined the insured, and he testified that at the time of the application for assumption of the policy he had no reason to believe that the insured was otherwise than in good health, it not only failed to make out its defense, but supported the plaintiff's case.

[4] ID.—SUFFICIENCY OF COMPLAINT.—In this action on a life insurance policy, the complaint was not defective in failing to set forth in full the original application for insurance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles F. Fury for Appellant.

Olin L. Berry for Respondent.

LANGDON, P. J.—The defendant appeals from a judgment on a life insurance policy issued by the Knights of Honor and assumed by the defendant.

From an examination of the entire record, it appears that in 1890 the Knights of Honor issued a policy or certificate of insurance in the name of George E. Prull, which was delivered to George E. Trull. The Knights of Honor received payments of premiums from Trull for something over twenty-five years, the last payment having been made in November, 1915, one month after the Knights of Honor had gone into the hands of a receiver. The acceptance indorsed on the certificate was signed George E. Trull. On November 13, 1915, Trull made an application to the defendant for the latter organization to assume the insurance, in which the applicant recited the facts of his membership in the Knights of Honor, warranted that he was then in sound health, that he knew no cause in connection with his physical condition that would be a bar to his securing life insurance, or would in any way shorten his life, and that any untruthful statements or violations of the laws of this order should render his certificate void. This application was accepted by the defendant, which issued to him a receipt-book in the name of George E. Trull, in which it entered successive payments made to it by him, monthly. Trull died in June, 1916, and the defendant refused to pay to the beneficiary, the widow of the insured, who brought this suit.

In the complaint it is alleged that the Knights of Honor issued ''a certain policy of insurance in the words and figures following, to wit'' (here being set forth the original benefit certificate). The certificate stated that it was issued ''upon evidence received from said Lodge (one in San Francisco) that he has lawfully received the degree of Manhood, and is a contributor to the Widows and Orphans Benefit Fund of this Order and upon condition that statements made by said member in his petition for membership, and the statements made by him to the Medical Examiner, be made a part of this contract, *and warranted to be true,* and upon condition that he complies with the law, rules and regulations now governing this Order, or that may be hereafter enacted for its government.''

The defendant demurred generally and specially, because the statements made to the medical examiner were not alleged. After the demurrer was overruled, the defendant answered, denying the issuance of the certificate and that it was as set forth in the complaint for the reason that it had no information or belief on the subject sufficient to enable it to answer

thereto.   There were similar denials in regard to the allegations as to the payment of premiums and the performance of conditions by the insured under the terms of the policy, and as to the alleged financial difficulties of the Knights of Honor. The defendant set up the application of Trull to the defendant for the assumption of the insurance, and alleged on information and belief that at the time of making the latter application Trull was suffering from a disease which, it was further alleged, contributed to his death.

The appellant relies on claimed errors in rulings on evidence, insufficiency of the evidence to justify the decision, and claimed error in overruling the demurrer.

[1]   The defendant's first exception was to the admission over objection of the original certificate of insurance, because it purported to run to George E. Prull instead of George E. Trull.   The suit was on the contract of the defendant assuming in favor of Trull and his beneficiary the obligation of the Knights of Honor to pay on the original certificate issued to Trull although the name was written therein as Prull.   It does not appear the defendant was in any way misled.   The defendant had received payments from Trull, and in its answer it set up its own assumption of the particular certificate, referring to it by number.   The lower court treated the word "Prull" in the certificate as a clerical error.   Under all the circumstances the certificate was properly received in evidence.

[2]   The defendant offered in evidence the application for the assumption of the insurance contract by the defendant and excepted  to its rejection by the court.   The application was set forth in full in the answer, and was not denied under oath within ten days.   It was therefore admitted for all purposes of the case.   (Code Civ. Proc., sec. 448.)   The court found that it was made by Trull and further found that the statements contained in it were not untrue.   If these findings are supported, the appellant was not injured by any remarks made by the judge at the time of his ruling concerning the materiality of the evidence.

[3]   The appellant claims the evidence was insufficient to justify the decision.   The finding that the original certificate was issued to Trull is attacked.   This is the same contention in regard to the clerical error by which the name was written Prull, although both insurers received the premium payments from Trull.   This finding was sustained by the evidence.   The

40 Cal. App.—31

finding that the statements made in the application for assumption are true is sustained by the evidence notwithstanding the attempt on the part of the appellant to avoid the effect of the evidence of its own medical witness, the attendant physician of Mr. Trull, who testified that at the time of the application for assumption he had no reason to believe that Trull was otherwise than in good health. The burden of proving misrepresentations was on the defendant, and the only witness it produced was the physician. It not only failed to make out its defense, but supported the plaintiff's case. No other finding could properly have been made. (*Mickschl* v. *National Council etc., ante,* p. 100, [180 Pac. 27]; *Speegle* v. *Leese,* 51 Cal. 415; *Leviston* v. *Ryan,* 75 Cal. 293, [17 Pac. 239]; *Connolly* v. *Hingley,* 82 Cal. 643, [23 Pac. 273].)

[4] Appellant's last contention is that the complaint does not state facts sufficient to constitute a cause of action. Reliance is placed on *Gilmore* v. *Lycoming Ins. Co.,* 55 Cal. 123. Reference is made to *Tischler* v. *California Farmers' Mut. F. Ins. Co.,* 66 Cal. 178, [4 Pac. 1169], and *Schenck* v. *Hartford Fire Ins. Co.,* 71 Cal. 28, [11 Pac. 807]. After these cases were decided the supreme court reconsidered the matter in *Cowan* v. *Phenix Ins. Co.,* 78 Cal. 181, [20 Pac. 408]. A quotation from the opinion in the latter case is determinative upon the contention made by the appellant. "It is argued that the complaint is defective in that it does not set forth the application of the assured which is declared to form a part of the policy. It appears clearly from the complaint that there was an application which was made a part of the policy. The contents are not stated in the complaint. But it is stated in the complaint by appending the policy to and making it a part of it, that there was an application and that that application should be considered a warranty by the assured. This stipulation of the contract is a solemn engagement by the assured that the representations made in the application at the time they were made, and when the policy became a contract, were true and correct. There are two classes of conditions usually inserted in policies, the first pointing to the time of the contract, and second to things which may occur or which may have to be performed at a time subsequent. In the former case the stipulation is called an *affirmative warranty,* and in the latter, a *promissory warranty. . . .* Affirmative warranties are sometimes called warranties *in praesenti.* A

breach of an affirmative warranty consists in the falsehood of the affirmation, when made, of a promissory warranty, which is in its nature executory, of the nonperformance of the stipulation. . . . In counting on a policy of insurance, we cannot see that there is any necessity of averring performance by the insured of anything warranted to be true when the policy was issued, for the reason that there was nothing to be performed. When the assured has warranted a thing to exist or a representation to be true, at a time when the policy becomes consummated as a contract, he has done all he can do." Further, referring to the provisions of Code of Civil Procedure, section 457, permitting the pleader to state he has performed all the conditions of the contract, the court said: "It is said that something material, or which may be material to plaintiff's right to recover, has been left out of the complaint. In reply to this, we say it does not appear that anything material in the application, or which may be material to plaintiff's case, has been left out. The application is not before us, and we cannot say what is in it; therefore we cannot say that anything material is omitted. As to the contention that there may be something material in the application which is omitted from the complaint, in addition to what is said above we will further say that a demurrer to a complaint should not be sustained, because there may be possibly something in an application affecting plaintiff's right to recover which is not averred in the complaint. Certainly we should not reverse a ruling of the court below overruling a demurrer on a 'perhaps.' Error should clearly appear to justify such a course."

The appellant seeks to distinguish this case from the present one because the court added: "In ruling against the defendant on the point above discussed, we desire to say further, that we cannot see how it can receive any detriment from the lack of the suggested allegation. The policy states that the application is filed with the defendant, and in its answer defendant can set it out and aver nonperformance of anything required by it to be performed." The reasoning applies with equal force here. The defendant assumed the obligations of the contract in its entirety. It must have been fully informed in regard to its terms. It accepted the premiums paid after the assumption. If it did not know the terms of the contract when it assumed them, it could not be heard to say after ac-

cepting its benefits that it had no information regarding those terms. Yet, that is just what it did say in its answer.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.