[Civ. No. 2755. First Appellate District, Division Two.—May 2, 1919.]

MRS. M. GALLICK, Respondent, v. C. G. BELL et al., Appellants.

[1] CHATTEL MORTGAGES—ACTION TO FORECLOSE—STATUS OF PLAINTIFF—WANT OF EVIDENCE—FINDING.—In an action to foreclose a chattel mortgage, it is proper for the court to find that the plaintiff was not at the time of the execution of the note and mortgage a personal property broker, where no evidence that plaintiff was such is introduced.

[2] FINDINGS—WANT OF EVIDENCE.—Where no evidence upon a given question is offered, the court must find the fact to be against the person having the burden of proof.

[3] CHATTEL MORTGAGES—ACTION TO FORECLOSE—DEFENSE OF USURY—BURDEN OF PROOF.—In an action to foreclose a chattel mortgage, if the defendants rely upon usury as a defense, they must establish the necessary elements contemplated by the statute.

APPEAL from a judgment of the Superior Court of Marin County. Emmet Seawell, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Gillogley, Crofton & Payne for Appellants.

Robert B. Gaylord for Respondent.

LANGDON, P. J.—This is an appeal by the defendants C. G. Bell and Gertrude Bell from a decree of foreclosure and sale, made in an action by plaintiff to foreclose a chattel mortgage. The facts are briefly that the note and mortgage sued upon were executed by the appellants. The note was for the face value of $275 and bore interest at the rate of two per cent a month. C. G. Bell, one of the defendants and appellants, testified that the sum of $35 was deducted from the face value of the note and he was given only $240 for the note of $275 and no other consideration. Appellant contends that the court erred in making the decree of foreclosure because the note and mortgage sued upon were void under the provisions of the personal property Brokers' Act (Act 2637, General Laws of California), which statute provides that a personal property broker shall not charge or receive interest in excess of the rate of two per cent per month, upon any loan—appellants' contention being that the retention of the bonus of $35 in addition to the two per cent interest was a violation of the statute.

A personal property broker within the meaning of the statute is defined to be: " . . . every person or corporation engaged in the business of loaning or advancing money or other thing and taking in whole or in part as security for such loan or advance any chattel mortgage . . . "

[1] There is no evidence in the record that plaintiff was a personal property broker, and the court therefore properly found that plaintiff was not at the time of the execution and delivery of the note and mortgage a personal property broker. [2] This finding is in accordance with the rule that where no evidence upon a question is offered, the court must find the fact to be against the person having the burden of proof. (*Leviston* v. *Ryan,* 75 Cal. 293, [17 Pac. 239].) [3] In the present case, as the appellants were relying upon usury as a defense, they had the burden of establishing the necessary elements contemplated by the statute.

The judgment is affirmed.

Brittain, J., and Haven J., concurred.